**IT IS ORDERED as set forth below:**

**Date: March 4, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| SAKOU OMAR BARNES, | : | BANKRUPTCY CASE |
| | : | 18-60371-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| GEORGIA DEPARTMENT OF HUMAN | : | ADVERSARY PROCEEDING |
| SERVICES, | : | No. 18-05246-LRC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAKOU OMAR BARNES, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Before the Court is the Georgia Department of Human Services' ("DHS") Motion for Entry of Default Judgment (the "Motion"). (Doc. 6.) DHS initiated this proceeding to contest the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A).

## I. BACKGROUND

In its Complaint, DHS alleges that Debtor received food stamp benefits from April 1, 2014 through July 31, 2016, pursuant to Georgia's Temporary Assistance for Needy Families Act ("TANF"), O.C.G.A. § 49-4-180, *et seq.* (Complaint, Doc. 1, ¶ 9.) However, during this time, Debtor failed to report that he was living with his spouse and children. (*Id.* ¶ 10.)

DHS claims that Debtor's failure to disclose his household resulted in an overpayment of $2,718.00 in food stamps. (*Id.* ¶ 11.) On November 7, 2016, Debtor signed a "Waiver of Disqualification Hearing," (the "Waiver") wherein he admitted to failing to report members of his household and agreed to pay restitution and to a twelve-month disqualification from receiving further benefits. (*Id.* ¶ 13.) The Waiver included an admission that Debtor "received benefits to which [Debtor was] not entitled because [he] intentionally failed to report the following information as required by program regulations: [Debtor] failed to report [his] spouse Teresa Barnes and children in [his] food stamp case." (*Id.* ¶ 14.) Per the restitution provision, Debtor was obligated to repay $2,718.00 by making monthly payments of $46.00. (*Id.* ¶ 13.) To date, Debtor has paid a total of $267.00, leaving a balance of $2,451.00. (*Id.* ¶¶ 15-16.)

On June 22, 2018, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Case No. 18-60371, Doc. 1.) On October 3, 2018, DHS initiated this adversary proceeding, seeking a determination that the remaining balance of $2,451.00 owed by Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). (Complaint ¶

26.) To this date, Debtor has not filed an answer to the Complaint.[1] DHS moved for entry of default on December 12, 2019, which the Clerk of Court entered the next day. (Doc. 5.) DHS now moves the Court to enter default judgment against Debtor.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055. FED. R. BANKR. P. 7055. Rule 55 provides that a plaintiff may obtain a default judgment against a defendant who "has failed to plead or otherwise defend[.]" FED. R. CIV. P. 55(a). However, "a defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," *id.,* but before granting a motion for default judgment, the Court must ensure that those well-pleaded allegations state a plausible claim for relief. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003).

Section 523(a)(2)(A) excepts from discharge debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To establish that the debt is excepted under § 523(a)(2)(A), the creditor must allege four elements: (1) the debtor made a false

---

[1] However, Debtor admitted that the debt he owes to DHS is nondischargeable in the Chapter 13 plan he filed in the underlying case. (*See* Case No. 18-60371, Doc. 39, at 6).

3

representation, other than an oral statement respecting the debtor's financial condition, with the intent to deceive the creditor; (2) the creditor relied on the misrepresentation; (3) the creditor's reliance was justifiable; and (4) that the creditor was damaged as a result of the misrepresentation. *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996).

A false representation, as required by the first element, "may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak." *Wood v. Wood (In re Wood)*, 245 F. App'x 916, 918 (11th Cir. 2007) (internal quotations omitted). Here, Debtor had a duty to report that his spouse and child lived in his home and by failing to report that, Debtor created the false pretense that he was entitled to receive food stamps. Accordingly, the first element of § 523(a)(2)(A) is satisfied.

The second element, that the creditor relied on the debtor's misrepresentation, requires showing that the creditor's decision was influenced by the debtor's statement. *Ga. Dep't of Human Servs. v. Greathouse (In re Greathouse)*, 2016 WL 3974197, at *3 (Bankr. N.D. Ga. July 1, 2016). TANF is a need-based program that considers the applicant's income and household size. *See* GA. COMP. R. & REGS.. § 290-2-28-.13(4). Therefore, Debtor's failure to disclose his household size was a misrepresentation of his need for assistance, which DHS relied on when it determined that Debtor was eligible to receive benefits.

The third element, that the creditor's reliance on the debtor's statement is justifiable, is a subjective test that examines the "particular qualities and characteristics of the plaintiff and circumstances of the particular case." *Duncan v. Bucciarelli (In re Bucciarelli)*, 429

4

B.R. 372, 376 (Bankr. N.D. Ga. 2010). Justifiable reliance is a lower standard than reasonable reliance. *Field v. Mans*, 516 U.S. 59, 61 (1995). Generally, so long as the creditor has no reason to think that it is being deceived, its reliance is justified. *Santa Ana Unified School District v. Montgomery (In re Montgomery)*, 489 B.R. 609, 626 (Bankr. N.D. Ga. 2013). In the instant case, none of the facts of the Complaint suggest that DHS had any reason to question whether Debtor's household size was different than he reported. Indeed, it is difficult to imagine how a state's welfare program would operate, without becoming overly intrusive, if the state was not allowed to trust an applicant's statements.

The fourth element requires showing that the statement caused the creditor to suffer a loss. *In re Johannessen*, 76 F.3d at 350 (11th Cir. 1996). Because DHS has alleged that Debtor's failure to disclose his household caused it to overpay $2,718.00, DHS has satisfied the fourth element.

## **CONCLUSION**

Having considered the allegations in DHS's Complaint,

**IT IS HEREBY ORDERED THAT** DHS's Motion for Entry of Default Judgment is **GRANTED**, and DHS's claim for $2,451.00 is excepted from discharge in its entirety in Debtor's Chapter 13 case.

**[END OF DOCUMENT]**

5

**<u>DISTRIBUTION LIST</u>**

Sakou Omar Barnes
138 Surge Stone Lane
Stockbridge, GA 30281

Karrollanne K. Cayce
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

Talitha S. Fleming
T. Fleming & Associates, LLC
Suite 180
4751 Best Road
Atlanta, GA 30337

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303